Mr. Chief Justice Bingham
delivered the opinion of the Court:
This was a bill for specific performance. The complainant alleges that on or about the 16th of November, 1876, she purchased from the defendant, Knox, a part of original lot 2, square 521, in the City of Washington; that at the time of said purchase she delivered to the said Knox the sum of $800 in cash, and received from her a receipt for that amount, which described the land purchased, and stated that $600 was in payment of the purchase money, and that the balance was to be paid over when called for; that complainant, being ignorant of the law and knowing nothing about the necessity of a deed to secure her and perfect her in her ownership, did not demand or require a deed. That complainant has since her said purchase erected a one story brick building upon the lot, the cost of which was paid for partly by an order or orders upon the funds which she had placed in the hands of Mrs. Knox; that in the month *441 of March, 1884, while absent from home, where she lived entirely alone, a fire partially destroyed her furniture and damaged her house; that among the articles destroyed was the mattress in which she had placed for safe keeping sundry papers, including the receipt mentioned and $204 in money; that the defendant, Knox, came the next day to the complainant’s premises, saw the condition of the same, and on the 2d day of December, 1884, attempted to convey the said land and premises to the defendant, Clark, in consideration of the sum of $930; that Clark subsequently conveyed the premises to the defendant,' Divver, for the sum of $1,120.50, subject to a deed of trust previously made by Clark to secure the purchase money, and also executed a deed of trust for a sum of money to secure the purchase money to Clark.
She prays for an injunction restraining Divver from prosecuting an action commenced by him for possession of the property, and for a decree to compel the defendants to execute to her a deed conveying their title in the premises to her.
The answer of the defendant, Mrs. Knox, is, perhaps, the only one that it is material to notice. She avers that it is untrue that the complainant ever purchased from her the premises, or that she ever gave to her the sum of $800, or any money, save about $15 for rent of the premises in question; that the complainant’s statement with respect to the alleged receipt and the contents thereof is absolutely false, and she denies that there ever was the slightest foundation in fact therefor. Proceeding, then, to show how the complainant came to be in possession of the property, she states that some time during the year 1876 she became acquainted with the complainant, who was quite poor and making a scanty living by her sa'e of milk, eggs and chickens and other small produce in the market house; that the defendant, having a great deal of vacant land in the city, took an interest in the complainant and told her she would build her *442 a little house and rent it to her for $5 per month, which she .could pay in milk, etc. After many talks with the complainant, the latter came to her one day and said she knew a man by the name of Clark who was friendly to her, and who would build the house; that Clark went on and built the house, and the defendant paid him $130 or $150 in different sums and at various times; that this sum was paid by the defendant with her own money; that the assertion that the complainant deposited any money with the defendant at any time is grossly false; that she never deposited with the defendant, or with her husband, or with any one for her, one cent in her life; that she has never paid the defendant more than $15 on account of rent, and that, on the contrary, she has borrowed from time to time from the defendant for various purposes different sums of money, a small part of which she has repaid in milk and chickens, but she still owes the remainder; that she also owes a large sum on account of rent; that the whole' dealings of the defendant with the complainant originated and have continued in charity.
It will be seen that the statement of the complainant is totally at variance with the statement of the' defendant in regard to the position of the complainant towards this property.
The testimony which has been taken in the case is of course principally that of the complainant and the defendant. The complainant alleges in her bill that the receipt which she claims to have taken at the time she made the purchase of this property was burned, and she so testifies; and I may say, generally, that the statements of the complainant in her bill are supported by her own evidence. Her testimony, however, is not always consistent with itself. There is good reason to believe that it is not accurate or reliable; as, for instance, her statement as to what the receipt contained varies from time to time in her testimony. I think it is true that in no instance did her description as *443 to what the said receipt contained correspond with any other description which she gave of it in any other part of her testimony.
The testimony of the defendant, Mrs. Knox, is directly the reverse of the complainant’s testimony. In her answer she denies in toto all of the statements of the complainant as to having sold to her these premises, and her testimony corresponds with the averments of her answer.
The complainant, of course, has the burden of proof. She claims that she has a right to the property by purchase, and alleges that she had a written instrument which evidenced such purchase, but that it has been destroyed by fire. We have, however, only her own statement. The law requires that a party undertaking to establish a right of this character shall make it clear by evidence. There must be a satisfactory preponderance in favor of the party asserting such a right before a Court can render a decree. We think it enough to say that, if one is to be entitled to as much credit and belief as. the other, the complainant must fail in this bill. Nor are- there any corroborative circumstances or probabilities arising out of the circumstances connected with the case which tend to enforce or support complainant’s statement. If we are to speculate or to discuss anything of that kind I may say that we believe that such probabilities, growing out of the circumstances, as to the reasonableness and truthfulness of the statements of these parties, are rather with the defendant than with the complainant.
But it is sufficient to say that the complainant has failed to establish, by a preponderance of evidence, her right to the relief which she claims.

The decree below dismissing the bill is, therefore, affirmed.